IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON V. LOFTIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:05-CV-1553-L |
| v. | § | |
| | § | |
| JOHN E. POTTER, Postmaster General, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss and Brief in Support, filed October 11, 2005. Having carefully considered the motion, response, reply and applicable law, the court **grants** Defendant's Motion to Dismiss.

### I.   Factual and Procedural Background

Plaintiff Jason V. Loftis ("Loftis" or "Plaintiff") has sued John E. Potter, Postmaster General, United States Postal Service ("Defendant" or "Postal Service"), alleging discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, and Section 501 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C. § 791, *et seq.*[*] Specifically, Loftis alleges that he was discriminated against based on race, religion, age and disability when he was placed "off the clock" and ultimately terminated from his position as a "PTF Distribution Clerk, PS-05," at the Dallas Processing and Distribution Center in Dallas, Texas. Loftis held this position from on or about April 26, 1997 until he was issued a termination notice effective October 15, 1997 for "Unsatisfactory Services – Failure to meet the attendance

---

[*]As Defendant points out, Plaintiff also alleges wrongful termination without due process or proper administrative appeal, but fails to set forth any jurisdictional basis to bring this claim in federal court.

**Memorandum Opinion and Order – Page 1**

requirements during your probationary period and Failure to provide acceptable documentation for a continued absence resulting in Absence Without Leave (AWOL)." *See* Exh. F to Def. Mot. to Dis.

Plaintiff alleges he became aware that he may have been discriminated against only after he reviewed his personnel file on April 5, 2004. On April 15, 2004, Loftis contacted an Equal Employment Opportunity ("EEO") Counselor and initiated pre-complaint EEO counseling. Loftis filed his EEO Complaint on June 2, 2004. The Postal Service issued a Final Agency Decision ("FAD") on July 22, 2004, finding that Loftis's complaint was untimely under 29 C.F.R. § 1614.105, which requires that a complainant bring the alleged discriminatory act to the attention of an EEO Counselor within 45 days of the alleged discriminatory incident. The FAD states that Loftis contacted his EEO counselor regarding alleged discrimination over "**6 years and 183 days**" after the alleged discrimination occurred. *See* Def. Mot. to Dismiss at Exh. F (Postal Service's FAD) (original emphasis). The Postal Service also noted that Loftis failed to offer any persuasive arguments or evidence warranting an extension of the deadline for initiating contact with the EEO Counselor. *See id.* After receiving notice of his right to appeal, Loftis timely appealed the Postal Service's FAD to the United States Equal Employment Opportunity Commission ("EEOC"), Office of Federal Operations ("OFO"), which upheld the Postal Service's final decision dismissing Loftis's EEO Complaint. The EEOC agreed with the Postal Service that Loftis's EEO Counselor contact was untimely, and that Loftis failed to show how alleged problems in his personnel file had any relationship to his being placed "off the clock" or to his termination in 1997. *See id.* at Exh. G (EEOC Decision).

**Memorandum Opinion and Order – Page 2**

Defendant has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), contending that Loftis failed to exhaust his administrative remedies and that this court is therefore without jurisdiction to entertain his lawsuit. Loftis argues that he exhausted his administrative remedies or, alternatively, that he is entitled to equitable tolling.

## II.     Legal Standard

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of a federal district court. *See* Fed. R. Civ. P. 12(b)(1). A claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See, e.g.*, *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Thus, a federal court must dismiss an action whenever it appears that subject matter jurisdiction is lacking. *Stockman*, 138 F.3d at 151.

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See*

*Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

**III.   Analysis**

The Postal Service is a federal entity, and therefore protected from being sued without its consent. *Shanbaum v. United States*, 32 F.3d 180, 181 (5th Cir. 1994). Although, as originally enacted, Title VII excluded federal entities from its definition of "employer," following Congressional amendment in 1972, Title VII now permits suit against the federal government in cases alleging discrimination in a government workplace if all administrative remedies are exhausted first. 42 U.S.C. § 2000e-16. As an exception to the government's immunity from suit, this statute should be narrowly construed. *United States v. Testan*, 424 U.S. 392, 399 (1976); *McCarty v. United States*, 929 F.2d 1085, 1087 (5th Cir.1991). Because of this narrow construction, for federal employees, compliance with the administrative exhaustion requirements of 42 U.S.C. § 2000e-16 is a jurisdictional requisite. *Brown v. General Services Administration*, 425 U.S. 820, 829 (1976); *Munoz v. Aldridge,* 894 F.2d 1489, 1494 (5th Cir.1990) (noting the impact of sovereign immunity on section 2000e-16 cases); *Tolbert v. United States*, 916 F.2d 245, 247-48 (5th Cir.1990) (noting that failure to exhaust administrative remedies deprives a district court of jurisdiction). Accordingly, a federal employee's failure to exhaust administrative remedies leaves a court without subject matter jurisdiction. *See Linthecome v. Snow*, No. Civ.3:03-CV-2103-H, 2004 WL 51321 (N.D.Tex. Jan.5 2004) (citing *Randel v. U.S. Dept. Of Navy*, 157 F.3d 392, 395 (5th Cir. 1998); *Barnes v. Levett*, 118 F.3d 404, 408 (5th Cir.1997)).

### A.     Exhaustion of Administrative Remedies

Federal regulations govern the procedure for exhaustion of administrative remedies. *Fitzgerald v. Secretary, United States Department of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir. 1997); 29 C.F.R. §§ 1614.101, *et seq.* Pursuant to 29 C.F.R. § 1614.105, a complainant must bring the alleged discriminatory act to the attention of an EEO Counselor within 45 days of the alleged discriminatory incident.

The Postal Service argues that Loftis failed to exhaust his administrative remedies, thereby depriving this court of jurisdiction. Loftis contends that it "is not disputed that Plaintiff exhausted all necessary administrative remedies[.]" *See* Resp. at 3. The court agrees with the Postal Service that Loftis failed to timely exhaust his administrative remedies. Specifically, as set forth in the FAD dismissing Loftis's complaint as untimely under the applicable federal regulations (*see* Def. Mot. to Dismiss at Exh. F), and in the EEOC's decision that Loftis's complaint was properly dismissed for untimely EEO Counselor contact (*see id.* at Exh. G), Loftis contacted his EEO counselor regarding alleged discrimination over "6 years and 183 days" after the alleged discrimination occurred. It is beyond peradventure that Loftis failed to exhaust his administrative remedies under 29 C.F.R. § 1614.105, requiring a complainant to bring the alleged discriminatory act to the attention of an EEO Counselor within 45 days of the alleged discriminatory incident. Loftis's arguments to the contrary do not hold water and are rejected.

This does not end the matter, however. Loftis contends that he could not pursue his EEO rights because he was a probationary employee. This argument is without legal basis. Title 42 U.S.C. § 2000e-16(a) provides in relevant part that "[a]ll personnel decisions affecting employees or applicants for employment . . . in the United States Postal Service . . . shall be made free from any

**Memorandum Opinion and Order – Page 5**

discrimination based on race, color, religion, sex, or national origin." Section 2000e-16(a) does not differentiate based on classification of employees; *see also* 29 C.F.R. § 1614.103 (same). In addition, as Defendant points out, Plaintiff in his response does not dispute that the Postal Service posts a notice to all employees of their rights to pursue Title VII claims and all deadlines. *See* Def. Mot. to Dismiss at Exh. F ("It should be noted that EEO posters, which provide information concerning the appropriate official to contact regarding EEO matters as well as the prescribed time limits, were and are on display in the Dallas Plant and Distribution Center postal facility.").

    **B.**    **Equitable Tolling**

Loftis also contends that he is entitled to equitable tolling in light of the alleged discrepancies in his personnel file and the time it took him to obtain it. Specifically, Loftis contends that he was "actively misled by the Defendant, who deliberately misrepresented to Plaintiff the circumstances surrounding his termination and actively prevented Plaintiff from obtaining his personnel record." Resp. at 4. A complaining party in a Title VII case bears the burden of providing the justification for application of equitable tolling principles. *Wilson v. Secretary, Department of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995). In this case, even assuming *arguendo* that the Postal Service failed to turn over Loftis's personnel file, as the EEOC stated in its decision (*see* Def. Mot. to Dismiss at Exh. G), Loftis has failed to show how any alleged discrepancies in his personnel file had an effect on his termination and failed to show how any of the alleged discrepancies were discriminatory.

**IV.**    **Conclusion**

For the reasons stated herein, the court determines that Loftis has failed to exhaust his administrative remedies, thereby depriving this court of subject matter jurisdiction. Accordingly,

**Memorandum Opinion and Order – Page 6**

the court **grants** Defendant's Motion to Dismiss.   A final judgment dismissing this case without prejudice will issue by separate document.

   **It is so ordered** this 24th day of May, 2006.

*Sam A. Lindsay*
Sam A. Lindsay
   United States District Judge

**Memorandum Opinion and Order – Page 7**